UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE FERRY,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL BARRY, and RICHARD SAUNDERS,<br><br>    Defendants. | No. 12-009 (NLH/KMW)<br><br>**OPINION** |

**APPEARANCES:**

George R. Szymanski, Esquire
1370 Chews Landing Road
Laurel Springs, New Jersey 08021
    *Attorney for Plaintiff George Ferry*

David M. Ragonese, Esquire
Michael O. Kassak, Esquire
White and Williams LLP
457 Haddonfield Road
Suite 400
Cherry Hill, New Jersey 08002
    *Attorney for Defendants Michael Barry and Richard Saunders*

**HILLMAN, District Judge**

     This matter comes before the Court by way of a motion [Doc. No. 4] filed by Defendants Michael Barry and Richard Saunders for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  The Court has reviewed the parties' submissions and decides this matter pursuant to Fed. R. Civ. P. 78.  For the reasons expressed below, Defendants' motion is granted.

I.  **JURISDICTION**

In this case, Plaintiff asserts violations of his rights under the United States Constitution pursuant to 42 U.S.C. § 1983. Accordingly, the Court exercises jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331.

II. **BACKGROUND**

Plaintiff George Ferry is a resident of Winslow Township, New Jersey. Plaintiff initiated this lawsuit against Defendants Michael Barry and Richard Saunders, police officers with the Winslow Township Police Department, for alleged violations of Plaintiff's federal constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff originally filed the complaint in this action in the Superior Court of New Jersey in Camden County asserting Section 1983 claims for false arrest, false imprisonment, malicious prosecution, illegal search, excessive force, and conspiracy in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments. Defendants subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441, filed an answer to Plaintiff's complaint, and moved for judgment on the pleadings with respect to Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution.

In the complaint, Plaintiff alleges that he was working on

2

his boat in the backyard of his Winslow Township home on July 30, 2010.  (Pl.'s Compl., Ex. A to Defs.' Notice of Removal [Doc. No. 1] (hereinafter, "Pl.'s Compl."), ¶ 4.)  Plaintiff asserts that he subsequently walked to his neighbor's house to ask for assistance in guiding and hitching his boat onto Plaintiff's truck.  (Pl.'s Compl. ¶ 5.)  While on his neighbor's property, Plaintiff contends that he was confronted "by his neighbor's wife, who told him that her husband was not available, and that [Plaintiff] should get off her property."  (Id.)  Plaintiff alleges that his neighbor's wife then proceeded to call the police.  (Id.)  Sometime thereafter, Plaintiff represents that two Winslow township police officers, Defendants Barry and Saunders, arrived and entered onto Plaintiff's property without a warrant.  (Id. ¶ 6.)

    Upon their arrival, Plaintiffs asserts that Defendants Barry and Saunders questioned Plaintiff as to whether he was in possession of any weapons.  (Id. ¶ 7.)  Plaintiff alleges that he "responded by saying that he had in his pocket a money clip with a small blade built in ..., which [Plaintiff] thought ... could be construed as a weapon."  (Id. ¶ 8.)  At that time, Plaintiff alleges that he removed the money clip from his pocket to show it to Defendants.  (Id.)  Plaintiff asserts that Defendants then "pounced on the [P]laintiff, handcuffed him, and threw him in the back of a police car[,]" and then entered Plaintiff's garage and

house and conducted a warrantless search.

Allegedly as a result of his interaction with Defendants, Plaintiff observed that the wrist of his right hand "had been injured badly" which prompted Plaintiff to call for an ambulance.[1]  (Id. ¶ 10.)  Plaintiff was later taken to a local hospital and treated for a broken right wrist.  (Id. ¶ 11.)  However, Plaintiff contends that prior to the time he was taken to the hospital, Defendants Barry and Saunders issued a "ticket/summons" to Plaintiff "charging him with a violation of N.J.S.A. 2C:29-1, Obstructing Administration of Law" because Plaintiff was "'yelling at a police officer and for causing neighbors to come outside.'"  (Id. ¶ 12) (citation omitted in original).  Plaintiff further alleges that he was "eventually coerced into pleading guilty on August 11, 2010, to an amended charge of violating Winslow Township Ordinance 196-9, Loitering" and that he was not represented by counsel at the time of his guilty plea.  (Id. ¶ 14.)

Based on these allegations, Plaintiff asserts that Defendants "arrested the [P]laintiff without just and legal cause, falsely imprisoned and maliciously prosecuted him, searched his home and property without a warrant, used excessive and unnecessary force against him, and conspired to do" so in violation of Plaintiff's rights under the Fourth, Fifth, and

---

1.  It is unclear from the complaint precisely when Plaintiff called for the ambulance.

Fourteenth Amendments.  (Id. ¶ 15.)  Plaintiff brings these claims pursuant to 42 U.S.C. § 1983, and alleges that Defendants' actions caused him "to suffer great physical and emotional harm and damages."  (Id. ¶¶ 14-15.)  Moreover, Plaintiff contends that as a result of the injuries to his right wrist caused by Defendants, Plaintiff is now permanently disabled and cannot work in his former occupation as a carpenter or in any similar occupation.  (Id. ¶ 16.)

**III. DISCUSSION**

Defendants Barry and Saunders filed an answer to Plaintiffs' complaint on January 23, 2012.  (See Defs.' Answer [Doc. No. 3].)  Defendants now move for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and seek the dismissal with prejudice of Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution arguing that Plaintiff fails to state a claim with respect to any of these causes of action.  Rule 12(c) provides in pertinent part that "[a]fter the pleadings are closed ... a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion."  Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010) (citing Turbe v.

5

Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991)).

In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the

6

plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556). "The defendant bears the burden of showing that no claim has been presented." Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

**IV. ANALYSIS**

According to Defendants, Plaintiff "must concede the existence of probable cause [for the arrest] because to arrest otherwise would necessarily imply the invalidity of [Plaintiff's] municipal plea of guilty to loitering." (Defs.' Br. in Supp. of Mot. For Partial J. on the Pleadings [Doc. No. 4-1] (hereinafter, "Defs.' Br."), 6.) Therefore, Defendants argue that Plaintiff's claims for false arrest and false imprisonment "must fail since the existence of probable cause must be undisputed." (Id.) In

opposition,[2] Plaintiff counters that where an arrest under New Jersey Statute Annotated 2C:29-1 for Obstructing Administration of Law is based on yelling at a police officer and causing neighbors to come outside — that arrest is "on its face illegal" because there is "no validity to an arrest for such a trivial occurrence." (Pl.'s Br. in Opp'n [Doc. No. 11] 2.)

Plaintiff further argues that the invalidity of his initial arrest is supported by the fact that the criminal charge against Plaintiff was eventually amended to a charge for violating Winslow Township Ordinance 196-9 for loitering and because that Ordinance was later repealed. (Id.) Plaintiff contends that "[t]he bottom line ... is that the arrest, imprisonment, and prosecution of the plaintiff, ... were so blatantly unjust, unfair, and unconstitutional, that the defendants ... should not ... benefit from the fact that plaintiff, ..., bowed to the pressure placed upon him, and pleaded guilty to an unconstitutional ordinance[.]" (Id.)

In response, Defendants assert that Plaintiff's arguments fail because Plaintiff has not alleged that his guilty plea was reversed or overturned, and that because Plaintiff is unable to do so, his claims must be dismissed. (Defs.' Reply Letter Br. [Doc. No. 12] 1-2.) Defendants contend that Plaintiff's "challenge to his arrest and charge, and the ordinance under

---

2. Plaintiff does not cite any case law in support of any of his arguments offered in opposition to Defendants' motion.

which he ultimately pleaded guilty, is a challenge to the validity of his conviction and must be brought as a direct appeal or collateral challenge through a habeas petition or post-conviction relief." (Id. at 5.) Defendants assert that unless and until Plaintiff's guilty plea for loitering is overturned, his action for damages has not yet accrued and his claims for false arrest, false imprisonment, and malicious prosecution are barred. (Id.)

### A. False Arrest and False Imprisonment

To successfully state a Fourth Amendment claim for false arrest, a plaintiff must allege: (1) that there was an arrest; and 2) that the arrest was made without probable cause. See Pollock v. City of Philadelphia, 403 F. App'x 664, 669 (3d Cir. 2010) ("To establish a Fourth Amendment claim for false arrest, [a plaintiff] must show that [the defendant] lacked probable cause to arrest him.") (citing Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)). Moreover, a claim for false imprisonment derives from a claim for false arrest such that where the police lack probable cause to make an arrest, the arrestee may also maintain a Section 1983 claim for false imprisonment based on a detention pursuant to that arrest. Adams v. Selhorst, 449 F. App'x 198, 201 (3d Cir. 2011) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)).

"'Probable cause exists whenever reasonably trustworthy

9

information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested.'" Pollack, 403 F. App'x at 668 (citing United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002)). Moreover, "'[t]he validity of an arrest is determined by the law of the state where the arrest occurred.'" Pollack, 403 F. App'x at 668 (citing Myers, 308 F.3d at 255). The issue of whether there is probable cause is generally a question for the jury, but "a district court may conclude that probable cause did exist as a matter of law if the evidence, viewed most favorably to plaintiff, reasonably would not support a contrary factual finding[.]" Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003).

In Heck v. Humphrey, 512 U.S. 477, 486 (1994), the United States Supreme Court explained that the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments [also] applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement[.]" Pursuant to Heck, "[a] claim for damages bearing that relationship to a conviction or sentence that has not been ... invalidated is not cognizable under § 1983." Id. at 487. Therefore, with respect to Plaintiff's Section 1983 claims for false arrest and false imprisonment, the Court "must [also]

10

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  In determining whether probable cause exists, the Court, in accordance with Heck, will not make inferences in Plaintiff's favor that would necessarily negate the findings of the Winslow Township Municipal Court.  See Ference v. Twp. of Hamilton, 538 F. Supp. 2d 785, 789 (D.N.J. 2008).

In this case, Plaintiff asserts that Defendants falsely arrested him.  Defendants contend that Plaintiff cannot dispute the existence of probable cause for the arrest because he later pled guilty to an amended charge for loitering under a municipal ordinance.  Moreover, Plaintiff specifically concedes on the face of the complaint that he pled guilty to the amended charge for loitering.  (Pl.'s Compl. ¶ 14.)  The Court agrees with Defendants in this instance, because, as the Third Circuit has previously recognized, "a guilty plea — even one for a lesser offense — does not permit a later assertion of no probable cause."  Walker v. Clearfield Cnty. Dist. Attorney, 413 F. App'x 481, 483-84 (3d Cir. 2011) (citing Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002)).  Here, Plaintiff's guilty plea to the amended charge under Winslow Township's loitering ordinance — which arose out of the events at his home on July 30, 2010 and

11

the initial charge of obstructing administration of law —
directly contradicts Plaintiff's assertion that no probable cause
existed for his arrest.  Accordingly, because Plaintiff is unable
to demonstrate the absence of probable cause, he fails to state a
claim for false arrest and this claim must be dismissed, along
with his derivative claim for false imprisonment arising from the
detention pursuant to that arrest.  See also Martinez v. New
Jersey, No. 2:11-cv-02223, 2012 WL 2116407, at *4 (D.N.J. June
11, 2012) (finding that plaintiff did not have a viable claim for
false arrest as a matter of law in light of his guilty plea to a
municipal ordinance violation for disorderly conduct which was a
reduction from the original criminal charges of aggravated
assault).

    Moreover, even if Plaintiff could prove the absence of
probable cause, his claims for false arrest and false
imprisonment would still fail because a favorable finding on
these claims would necessarily imply the invalidity of
Plaintiff's municipal plea of guilt to the loitering charge.  See
Walker, 413 F. App'x at 484 (finding that plaintiff's "claim
would fail even if he could allege the absence of probable cause
despite his guilty plea" in light of Heck v. Humphrey).  Taking
all of Plaintiff's allegations as true for purposes of this
motion, Plaintiff's claims for false arrest and false
imprisonment cannot proceed.

The essence of Plaintiff's claims is that Defendants lacked probable cause to arrest Plaintiff for obstructing the administration of law with respect to the events of July 30, 2010, and therefore unreasonably seized Plaintiff in violation of the Fourth Amendment.  If Plaintiff proved those allegations, it would necessarily imply that Plaintiff's conviction and guilty plea to the later amended charge for loitering under a municipal ordinance was invalid.[3]  Under these circumstances, Plaintiff's Section 1983 claims for false arrest and false imprisonment clearly fun afoul of Heck and must be dismissed.[4]  See Walker, 413 F. App'x at 484; see also Ference, 538 F. Supp. 2d at 789-90 (explaining that a finding of guilt for "violating a municipal ordinance does not affect the analysis under Heck" because

---

3.  Plaintiff suggests that the subsequent repeal of Winslow Township Ordinance 196-9 for Loitering after Plaintiff's guilty plea was entered somehow invalidates his arrest and guilty plea to the amended charge under this ordinance.  However, Plaintiff has not offered any evidence demonstrating to the Court that the repeal of Winslow Township Ordinance 196-9 for Loitering was retroactive and thereby released, discharged, or affected Plaintiff's criminal liability for this particular offense which was incurred prior to the time of repeal.  The officers were charged with the responsibility of applying the law that existed at the time.

4.  To the extent Plaintiff argues that he was not represented by counsel when he pled guilty to the loitering charge and that the charge of loitering does not make factual sense in this case because much of the activity between Defendants and Plaintiff took place on Plaintiff's own property, these arguments address the merits of the criminal charge itself and should have been raised before the Winslow Township Municipal Court or on an appeal from Plaintiff's criminal conviction entered on that guilty plea.  This Court may not consider the merits of Plaintiff's arguments in this Section 1983 action.

prosecutions under municipal ordinances in New Jersey are criminal in nature and require proof beyond a reasonable doubt, and noting that the rule in Heck barring Section 1983 claims that impugn an underlying conviction unless there is termination of the criminal proceeding in favor of the accused applies to convictions for violating municipal ordinances).

### B.   Malicious Prosecution

A constitutional claim for malicious prosecution in the Third Circuit pursuant to Section 1983 and New Jersey law requires a plaintiff to establish four elements: "that the defendant (1) instituted proceedings (2) without probable cause ... (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff."  Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 248 (3d Cir. 2001) (citing Lightning Lube v. Witco Corp., 4 F.3d 1153, 1197 (3d Cir. 1993)).  A plaintiff's "[f]ailure to prove any one of these four elements denies the plaintiff a cause of action [for malicious prosecution."  Trabal, 269 F.3d at 248 (citing Fleming v. United Parcel Serv., 642 A.2d 1029, 1030 (N.J. Super. Ct. App. Div. 1992), cert. denied, 516 U.S. 847 (1995)).

In order to satisfy the favorable termination element, the Third Circuit requires that a prior criminal case have been disposed of in a way that indicates the innocence of the accused. Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002); see also

14

Hector v. Watt, 235 F.3d 154, 156 (3d Cir. 2000) (noting that "a plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution.").

Accordingly, "a malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner [that is] not indicative of the innocence of the accused." Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009). Generally, a favorable termination includes: "(a) a discharge by a magistrate at a preliminary hearing, or (b) the refusal of a grand jury to indict, or (c) the formal abandonment of the proceedings by the public prosecutor, or (d) the quashing of an indictment or information, or (e) an acquittal, or (f) a final order in favor of the accused by a trial or appellate court." Donahue, 280 F.3d at 383 (citation omitted).

However, under New Jersey law "it is well settled that in circumstances where a criminal charge is withdrawn or a prosecution is abandoned pursuant to an agreement or compromise with the accused, the termination is viewed as indecisive and insufficient to support a cause of action for malicious prosecution." Gordon v. Berkeley Township Police, No. 10-5061, 2011 WL 2580473, at *5 (D.N.J. June 27, 2011) (citing Mondrow v. Selwyn, 412 A.2d 447, 450 (N.J. Super. Ct. App. Div. 1980); Thomas v. N.J. Inst. of Tech., 427 A.2d 1142, 1143 (N.J. Super. Ct. 1981)). Thus, even "[i]f the prosecutor drops the charges as

15

part of a compromise with the accused, the accused will fail the favorable termination prong necessary to maintain a malicious prosecution claim under § 1983." Pittman v. Metuchen Police Dep't, No. 2010 WL 4025692, at *7 (D.N.J. Oct. 13, 2010) (citing Taylor v. Winters, 115 F. App'x 549, 552 (3d Cir. 2004)).

Here, Plaintiff's complaint, on its face, not only fails to allege that the underlying criminal proceedings were terminated in his favor, but specifically concedes that Plaintiff pled guilty to an amended charge of loitering under the Winslow Township Ordinance. (Pl.'s Compl. ¶ 14). "Having compromised for his peace in the criminal proceeding, the accused may not later contend that the proceedings terminated in his favor." Mondrow, 412 A.2d at 450. Therefore, Plaintiff cannot meet the fourth requirement for a claim for malicious prosecution because he cannot demonstrate that the criminal prosecution terminated in his favor in light of his prior guilty plea.[5] Accordingly, Plaintiff's claim for malicious prosecution must also be dismissed.

## V. CONCLUSION

For the reasons set forth herein, Defendants' motion [Doc.

---

5. To the extent Plaintiff argues that the municipal ordinance he pled guilty to was later repealed, Plaintiff has not cited any case law supporting the argument that this repeal constitutes a "favorable termination" of the criminal proceeding sufficient to allow his claim for malicious prosecution to proceed.

16

No. 4] for judgment on the pleadings is granted, and Plaintiff's claims for false arrest, false imprisonment, and malicious prosecution are dismissed with prejudice.  An Order consistent with this Opinion will be entered.


Date: September 19, 2012          /s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.